# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY, ET AL,<br><br>        *Plaintiffs,*<br><br>v.<br><br>SUSAN SLOCUM MILES, ET AL,<br><br>        *Defendants.* | CIVIL NO. 6:13-CV-00036<br><br>**MEMORANDUM OPINION & O R D E R**<br><br>JUDGE NORMAN K. MOON |

By counsel, New York Life Insurance Company and New York Life Insurance and Annuity Company, Plaintiffs in this interpleader action, filed a motion seeking leave to deposit a check for certain death benefits derived from life insurance policies and annuities contracts payable upon the death of Linda Yeats Slocum, deceased. The motion was granted, and Plaintiffs paid into this court's registry the sum of Four Hundred Fifty-Nine Thousand Eight Hundred Twenty-One and 19/100 Dollars ($459,821.19), representing the death benefit proceeds of the life insurance policies and annuity contracts. *See* docket no. 20. Thereafter, I awarded Plaintiffs legal fees and costs of Seven Thousand Seven Hundred Ninety-one and 29/100 Dollars ($7,791.29) to be paid from the death benefit proceeds paid into the Registry of this Court, and then entered a final judgment regarding Plaintiffs, dismissing New York Life Insurance Company and New York Life Insurance and Annuity Company from this action. *See* docket no. 25.

Plaintiffs named the following as defendants and potential beneficiaries of the life insurance policies and annuity contracts, alleging that one or more of whom would be entitled to the death benefits: Susan Slocum Miles in her individual capacity and Susan Slocum Miles in her capacity as Executor of the Estate of Lynda Yeatts Slocum, deceased; Monica Kay Miles; and Wells Fargo

Bank N.A., in its capacity as successor to Central Fidelity National Bank, Trustee of the Trust for the benefit of John Andrew Slocum. *See* docket no. 17. All defendants were properly served, but only Susan Slocum Miles filed any responsive pleadings, an answer asserting she was entitled to all the death benefits that are the subject of this interpleader action. *See* docket no. 19. The Clerk of the Court has filed a Clerk's Entry of Default with respect to Monica Kay Miles, *see* docket no. 28, and Wells Fargo Bank, N.A., *see* docket no. 29.

Accordingly, the only defendant that has asserted a claim to the remaining death benefit proceeds paid into this court's registry is Susan Slocum Miles. All other defendants, being the only potential claimants, are in default, and have asserted no claim to the death benefits. Moreover, the record before the court establishes that Susan Slocum Miles is the only beneficiary of the life insurance policies and annuity contracts and is entitled to the death benefits paid into the court's registry.

I.

Rule 55(b) of the Federal Rules of Civil Procedure contemplates that the court can enter a default judgment on behalf of a party where all other parties have failed to file responsive pleadings or make an appearance and are in default. In such circumstances, it is proper for me to enter a default judgment in favor of Susan Slocum Miles and to direct that the remaining funds held in the court's registry be paid to her. *See, e.g.*, *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *United States v. Parr*, 2011 WL 4737066, at *2, Civil Action No. 3:10-cv-00061 (W.D. Va. Oct. 6, 2011).

II.

Out of an abundance of caution, I find that Susan Slocum Miles is entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that

> [a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

The undisputed facts establish that Susan Slocum Miles is the only beneficiary of the life insurance policies and annuity contracts, and she is entitled to the death benefits paid into the court's registry. There are no other claimants, and Susan Slocum Miles is entitled to judgment as a matter of law.

Plaintiffs filed this interpleader action because it appeared that Lynda Yeatts Slocum had been murdered and it had not yet been determined who was the murderer. Although Susan Slocum Miles, individually or in her capacity as Executor of the Estate of Lynda Yeatts Slocum, deceased, was a designated beneficiary of the death benefits payable under the life insurance policies and annuity contracts, under Virginia's "slayer statute" (Virginia Code Section 62.2-2508(A)), she would not be allowed to recover these death benefits if she were in fact convicted of murdering her mother, Lynda Yeatts Slocum. *See* docket no. 17, ¶¶ 25, 30). When this interpleader action was filed, it was not clear who had murdered Lynda Yeatts Slocum. *See id.*, ¶ 28. Subsequently, Scott C. Miles was charged, tried, and convicted of the murder of Lynda Yeatts Slocum. *See* docket no. 32, ¶ 9.

Susan Slocum Miles is entitled to all the death benefit proceeds from the life insurance policies and annuity contracts. She was the named beneficiary. The only other possible beneficiaries were her brother, John Andrew Slocum, Jr.; her father, John Andrew Slocum; and her mother, Lynda Yeatts Slocum. All of those potential beneficiaries are deceased. Her brother, John Andrew Slocum, Jr., predeceased both his parents, and died intestate, unmarried, and without issue,

leaving his parents as his sole heirs at law. Thereafter, Susan Slocum Miles's father, John Andrew Slocum, died intestate, leaving his wife, Lynda Yeatts Slocum, as his sole heir at law. Subsequently, Lynda Yeatts Slocum died testate, devising her estate to her daughter, Susan Slocum Miles.[1] *See id.*, ¶¶ 2-8.

Wells Fargo Bank N.A., as successor by merger to Central Fidelity National Bank, in its capacity as Trustee of the Trust for the benefit of John Andrew Slocum, has asserted no claim to the New York Life whole life policy no. 45494010, which designated 50% of the benefits to John Andrew Slocum Trust (with Central Fidelity National Bank as Trustee). *See* docket no. 17, ¶ 12. Nor does it appear that such a trust exists or ever existed.[2] *See* docket no. 32, ¶¶ 7-8 (Declaration of Susan Slocum Miles); *see also* docket no. 33 (Declaration of Kim Smith Ferguson on behalf of Wells Fargo Bank, N.A.).

The only parties that Plaintiffs alleged may have a claim to the death benefits paid into the court's registry are those named as defendants. The only defendant to have filed a claim with the Plaintiffs for these death benefits is Susan Slocum Miles, *see* docket no. 17, ¶ 26, and the only party in this action that has asserted a claim to them is Susan Slocum Miles, *see* docket nos. 17, 28, and 29. There is no other known claimant to the death benefits paid into the court's registry. *See* docket no. 32, ¶ 10.

---

[1] Even if John Andrew Slocum, Jr. or John Andrew Slocum, or Lynda Yeatts Slocum were a beneficiary instead of Susan Slocum Miles, Susan Slocum Miles would still be entitled to the death benefits as the heir at law or devisee of the person entitled to them.

[2] If there was in fact no John Andrew Slocum Trust at the time of the death of Lynda Yeatts Slocum, and there was no alternative beneficiary named, the death benefits would be payable to the Estate of John Andrew Slocum, the owner of the policy. John Andrew Slocum's sole heirs at law were his wife Lynda Yeatts Slocum, who is now also deceased. Lynda Yeatts Slocum's Will devised all to her daughter, Susan Slocum Miles. *See* docket no. 32, ¶¶ 2-5 (Declaration of Susan Slocum Miles); *see also* docket no. 17, ¶¶ 19-23.

Accordingly, there is no genuine dispute regarding any material fact, and Susan Slocum Miles is entitled to summary judgment in her favor.

### III.

For the stated reasons, defendant Susan Slocum Miles's motion for judgment (docket no. 34) is **GRANTED**, and the Clerk is hereby **DIRECTED** to disburse the remaining death benefits that have been paid into the court's registry, plus interest accrued thereon, to **SUSAN SLOCUM MILES**. Upon dispensation of the funds this matter will stand **DISMISSED**, and the Clerk is **DIRECTED** to strike the matter from the court's active docket.

It is so **ORDERED**.

The Clerk is further **DIRECTED** to send a certified copy of this order to counsel of record for all the parties.

Entered this <u>  1st  </u> day of July, 2014.

                                                        NORMAN K. MOON  
                                                        UNITED STATES DISTRICT JUDGE